OPINION
This matter presents a timely appeal from a judgment rendered by the Jefferson County Common Pleas Court, sentencing defendant-appellant, Jermaine Thompson, to the maximum incarceration term allowed by R.C. 2929.14, for trafficking in drugs.
On May 6, 1998, appellant was indicted on three counts of trafficking in drugs in violation of R.C. 2925.03 (A). Under the first count, it was alleged that a confidential informant with the Jefferson County Sheriff's Department provided appellant with $60.00 in return for four pieces of crack cocaine. An audio tape of the transaction was obtained from an electronic recording device that had been placed on the informant.
Under the second count, which contained a specification that the offense was committed in the vicinity of a juvenile, it was alleged that the confidential informant made a call to appellant's pager. Appellant returned the call and indicated that he would sell $80.00 to $100.00 worth of crack cocaine to the informant. Appellant provided the informant with the address of a residence at which he could be found. Fitted with an electronic recording device, the informant entered the residence and purchased $100.00 worth of crack cocaine from appellant. A minor child was present in the room when this transaction took place.
Under the third count, it was alleged that a confidential source, driving a vehicle equipped with a hidden video camera, purchased one piece of crack cocaine for $20.00 from appellant.
Appellant entered a not guilty plea to all three counts against him. On July 28, 1998, appellant changed his plea on the third count to guilty of trafficking in drugs, a felony of the fifth degree. On July 29, 1998, the trial court entered a nolleprosequi on the first and second counts.
A sentencing hearing was held on September 11, 1998. The trial court sentenced appellant to serve an incarceration term of twelve months. This appeal followed.
Appellant's sole assignment of error on appeal alleges:
 "THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT SENTENCED THE DEFENDANT TO THE MAXIMUM PROVIDED BY LAW IN CONTRAVENTION OF THE OHIO REVISED CODE SECTIONS 2929.11 AND 2929.13."
Appellant's argument focuses on the fact that the trial court ordered the maximum sentence allowed by statute. Appellant points out that under R.C. 2929.11, there are two overriding purposes of felony sentencing; protecting the pubic from future crime committed by the offender and others, and punishing the offender for his conduct. Felony sentences must: (1) be reasonably calculated to achieve the overriding purposes; (2) be commensurate with and not demeaning to the seriousness of the crime and its impact on the victim; (3) be consistent with sentences imposed for similar crimes on similar offenders, and (4) not be based upon race, ethnic background, gender or religion of the offender. R.C. 2929.11 (B) and R.C. 2929.11 (C).
Appellant claims that the trial court did not strictly adhere to the sentencing criteria when, despite testimony adduced at the sentencing hearing and information contained within appellant's pre-sentence investigation, the trial court issued the maximum sentence permitted under the statute.
Cathy Brown, a case manager at the Jefferson County Community Action Counsel (CAC), testified that she knew appellant through his participation in CAC's programs. (Tr. 4-5). Ms. Brown claimed that, while appellant was involved with CAC, she noticed a change in his attitude. (Tr. 5). She recalled that he was remorseful for his past and was concerned about his family. (Tr. 5). She also believed that he had a continued support system in the CAC and his mother. (Tr. 6). Ms. Brown was the only witness called to testify on appellant's behalf at the sentencing hearing. After hearing this testimony, the trial court issued the maximum sentence allowed under the law. Therefore, appellant argues that the trial court did not follow the guiding principles set forth in R.C. 2929.11.
Contrary to appellant's assertion, the transcript of the sentencing hearing indicates that the trial court did consider the testimony of Cathy Brown when it issued the maximum sentence. The trial court stated, "* * * I really like everything your witness had to say about you and had you not had the record you had you would be walking out of here on probation." (Tr. 14).
R.C. 2929.14 (C) states:
 "Except as provided in division (G) of this section or in Chapter 2925. of the Revised Code, the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D) (3) of this section, and upon certain repeat violent offenders in accordance with division (D) (2) of this section."
Under R.C. 2929.19 (B) (2) (d), if a court imposes the maximum term allowed in sentencing a defendant, it must "make a finding that gives its reason" for the imposition of such maximum term. In this case, the trial court made findings in its judgment entry of sentence which gave reasons for its imposition of the maximum sentence. The specific findings were:
 "1. A video tape of the offense shows that Defendant flagged down his customer who was just driving by.
"2. Defendant has a lengthy criminal record.
"3. Defendant has served prison time.
 "4. This offense was committed while Defendant was on a community control sanction.
 "5. Defendant has three (3) children to three (3) women and is currently employed with two (2) jobs.
 "6. Defendant is not amenable to community control and prison is consistent with the purposes and principals (sic) of R.C. 2929.11.
 "7. The shortest term possible will demean the seriousness of the offense and will not adequately protect the public.
 "8. This Defendant, by reason of his prior criminal record, poses the greatest likelihood of recidivism." (Judgment Entry of Sentence filed September 14, 1998, 1-2).
In State v. Pickford (Feb. 22, 1999), Jefferson App. No. 97-JE-21, unreported, this court held that with the passage of Am.Sub.S.B. No. 2, we would no longer review a felony sentence under the abuse of discretion standard. This court also stated that it would not always follow a silent record presumption. R.C.2953.08 sets forth new rights and procedures for appellate review of sentences that allegedly violate the provisions of R.C. 2929. R.C. 2953.08 (A) provides grounds for a defendant's appeal of right, including:
 "(1) The sentence consisted of or included the maximum prison term allowed for the offense by division (A) of section 2929.14 of the Revised Code and was not imposed pursuant to division (D) (3) (b) of section 2929.14 of the Revised Code, and the court imposed it under one of the following circumstances:
"(a) The sentence was imposed for only one offense.
"* * *
"(4) The sentence is contrary to law."
Appellant had sufficient grounds for an appeal as of right in the case at bar. First, R.C. 2929.14 (A) (5) provides that for a felony of the fifth degree, the prison term shall be six, seven, eight, nine, ten, eleven, or twelve months. The trial court sentenced appellant to twelve months incarceration. Therefore, the sentence consisted of the maximum prison term allowed for the offense. Second, the sentence was not imposed pursuant to R.C. 2929.14 (D) (3) (b). Finally, the sentence was imposed for only one offense.
Once the grounds for appeal under R.C. 2953.08 have been established, then R.C. 2953.08 (G) governs the scope of appellate review. R.C. 2953.08 (G) (1) states, in pertinent part:
 "The court hearing an appeal of a sentence under division (A) or (B) (1) or (2) of this section may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the trial court for resentencing if the court clearly and convincingly finds any of the following:
"(a) That the record does not support the sentence;
"* * *
"(d) That the sentence is otherwise contrary to law."
The record in this matter supports the sentence issued by the trial court. As previously stated, the trial court gave due deference to the testimony offered by appellant's witness. The trial court also made the requisite findings under R.C.2929.14 (C), thereby allowing it to impose the maximum sentence.
First, the trial court indicated that appellant's conduct amounted to the worst form of the offense. In the judgment entry of sentence and at the sentencing hearing, the trial court gave weight to the fact that appellant flagged down his customer as he was driving by. Second, the trial court clearly stated that appellant was an offender who posed the greatest likelihood of committing future crimes. In fact, the trial court's eighth finding of fact in its judgment entry of sentence stated, "This Defendant, by reason of his prior criminal record, poses the greatest likelihood of recividism." At the sentencing hearing, the trial court also addressed appellant by stating, "* * * you understand this is your prior record doing this to you." (Tr. 13).
Therefore, appellant has not shown by clear and convincing evidence that the record failed to support the sentence rendered or that such sentence was contrary to law.
Appellant's sole assignment of error is found to be without merit.
The judgment of the trial court is affirmed.
Donofrio, J., concurs.
Vukovich, J., concurs.
 APPROVED: ______________________________ EDWARD A. COX, PRESIDING JUDGE